# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTIAN T. POWELL,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**ANTHONY WILLS, KEVIN REICHERT,** **and ANGELA CRANE,**<br><br>    **Defendants.** | Case No. 3:23-cv-01644-GCS |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Christian T. Powell, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges he was denied prior care for his medical conditions in violation of the Eighth Amendment.

This case is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

## THE COMPLAINT

Plaintiff alleges that on March 9, 2022, he arrived at Menard Correctional Center (Doc. 1, p. 18). He claims he was denied medical treatment for numerous conditions including Hepatitis C, a back injury, skin diseases, scalp disease, stomach problems, sinus infection, allergies, and various other illnesses. He also claims that he broke his pinky finger, and it healed incorrectly due to the lack of medical care. Plaintiff further alleges that he placed numerous sick call slips, complaints, and grievances but has been ignored. He believes that he is being denied medical care due to both his sexuality and the nature of his crimes. *Id*. In an attached affidavit, Plaintiff indicates he has written numerous grievances that were never returned. *Id.* at p. 6. He believes "correctional staff" obstruct the grievance process and he has overheard officers brag about shaking the grievances out of the box. *Id*. Plaintiff similarly complains that sick call passes are destroyed and that he is being retaliated against for filing grievances. *Id*.

## DISCUSSION

Simply put, Plaintiff's Complaint fails to state a claim. Plaintiff alleges that he suffers from several health conditions. He alleges that he has not received any care for those conditions. To demonstrate deliberate indifference, Plaintiff must allege that the defendants were aware of the serious medical condition and either intentionally or recklessly disregarded it. *See Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008). Negligence is not enough; a plaintiff must demonstrate that a defendant denied medical care altogether, delayed care, continued with ineffective treatment, or departed substantially from accepted professional judgment. *See Brown v. Osmundson*, 38 F.4th 545, 550 (7th Cir.

2022). Plaintiff merely lists several conditions that he allegedly suffers from and then states that he is being denied proper care. There are no allegations to suggest when he sought care for any of the numerous conditions, who he sought care from, and what care has been provided or denied. He states that he broke his finger, but there is no indication in as to when this incident occurred or who he told about the broken finger. Plaintiff includes a grievance about medical care for his sinuses and allergies, but he fails to include any factual allegations about when he sought care for those conditions or from whom he sought care. (Doc. 1, p. 8-17). As pled, these allegations are not sufficient to state a claim. *See* 28 U.S.C. § 1915A; FED. R. CIV. PROC. 8. *See also DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (noting that a successful Complaint generally alleges "the who, what, when, where, and how . . . .").

Although Plaintiff identifies individuals in the caption of his Complaint, he fails to include them in his statement of the claim. There are no allegations to suggest that he sought care from any of the defendants. Plaintiff also fails to state what role these individuals played in providing him care. And there is no indication that any of the named defendants knew about his conditions and acted with deliberate indifference. *See, e.g., Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999) (stating that the relevant inquiry is whether defendants "actually knew about [Plaintiff's] condition, not whether a reasonable official should have known."). Further, none of the officials can be held liable simply for their positions as wardens or high-ranking officials because the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under Section 1983. *See Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Nor can they be liable for

simply responding to Plaintiff's grievances. *See, e.g.*, *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (stating that "the alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-610 (7th Cir. 2007).

Thus, Plaintiff's Complaint is **DISMISSED without prejudice** for failure to state a claim. If Plaintiff wishes to pursue a claim of deliberate indifference for any of the care provided, he will have to file an Amended Complaint. He is reminded that his Amended Complaint should indicate each defendant's alleged involvement in his care and allege how the individual's actions amount to deliberate indifference.

### DISPOSITION

For the reasons stated above, Plaintiff's Complaint is **DISMISSED without prejudice**. He is **GRANTED** leave to file a "First Amended Complaint" on or before **September 27, 2023**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. *See* FED. R. CIV. PROC. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of America*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original

Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address. The Court will not independently investigate his whereabouts. This shall be done in writing and no later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 30, 2023.**

Digitally signed by Judge Sison
Date: 2023.08.30 10:46:02 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**