THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTIAN T. POWELL,<br><br>　　　Plaintiff,<br><br>v.<br><br>ANTHONY WILLS, KEVIN REICHERT, and ANGELA CRANE,<br><br>　　　Defendants. | Case No. 3:23-cv-01644-GCS |

MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Christian T. Powell, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff's original Complaint (Doc. 1), alleging deliberate indifference in the treatment of several of his health conditions, was dismissed without prejudice for failure to state a claim. (Doc. 11). Plaintiff was granted leave to file a First Amended Complaint. In his First Amended Complaint (Doc. 12), Plaintiff alleges that he was denied care for numerous medical conditions in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to

---

[1]   The Court has jurisdiction to screen the Amended Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 7), and the limited consent to the exercise of

screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

## THE AMENDED COMPLAINT

Plaintiff alleged that on March 9, 2022, he arrived at Menard Correctional Center. Prior to his placement at the prison, Plaintiff suffered from numerous chronic and acute conditions including the following: Hepatitis-C, allergies, scalp and skin diseases, back pain, stomach/digestive issues, headaches, visions problems, and a broken pinky finger. (Doc. 12, p. 1). He had a stroke in 2019; he also suffered from high blood pressure and cholesterol. *Id*. Upon his arrival at Menard, Plaintiff was prescribed allergy medication and unspecified medications for his various ailments, but he alleges that they were taken away from him once he entered general population. *Id*. He submitted requests to medical staff and wrote grievances, some of which were not responded to or addressed. The grievances that were responded to were denied by Warden Anthony Wills and the Administrative Review Board. *Id*. at p. 2.

Plaintiff acknowledges that some of his sick call request slips were responded to by nurses, but he alleges he was provided with minimal treatment. (Doc. 12, p. 2). He also acknowledges that he was referred to the doctor on some occasions. *Id*. But after his initial

---

Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court, the IDOC, and Wexford.

sick call request slips, he was not seen again until November 2022 when he saw a nurse practitioner. At that appointment, the nurse practitioner addressed several of his conditions. Plaintiff alleges that the following conditions were addressed at his November 2022 appointment:

*Back Pain*

Plaintiff alleges that he suffers from back pain. At the November 2022 appointment, the nurse practitioner ordered Mobic and Robaxin for his back pain and referred Plaintiff for an MRI. (Doc. 12, p. 2). Plaintiff had the scheduled MRI. A few weeks later, he went on a medical furlough to hear the results of the MRI. He was diagnosed with a herniated disc and a bulging disc. *Id*. His options for treatment were discussed at the appointment, although Plaintiff fails to allege what options were provided to him. *Id*. Two months after his appointment, Plaintiff's medications ran out, and he did not receive any additional medications. He alleges that it is "well known" that Angela Crane, the healthcare administrator at Menard, is aware of his condition, but she has failed to order a referral to a neurologist and/or neurosurgeon. *Id*. at p. 3.

*Pinky Finger*

Prior to his placement at Menard, while still housed at the St. Clair County Jail, Plaintiff broke his left pinky finger. (Doc. 12, p. 3). He alleges that the finger did not heal properly, and the finger is now disfigured and painful. He also believes that he has ligament damage. *Id*. Plaintiff alleges that the nurse practitioner referred him out for care, and he went on a furlough to a hand specialist in the Spring of 2023. *Id*. But Plaintiff was unable to see the surgeon on his furlough because the facility was closed for the day. He

was thus returned to Menard without treatment. He has not been referred back to see a hand specialist. Plaintiff again alleges that Angela Crane is aware of his broken finger, but she has failed to refer him out of the prison for care. *Id*.

*Hepatitis-C*

At some point while at Menard, Plaintiff was diagnosed with Hepatitis-C. (Doc. 12, p. 3). He signed treatment papers in May 2022, but he has not received treatment. Instead, Plaintiff had two ultrasounds. He has requested additional care, but Plaintiff has been given several excuses for the denial of treatment. He fails to allege the nature of those excuses or who denied his requests for case. Plaintiff also alleges that he wrote several grievances. He submitted a grievance on December 7, 2022, but he has not yet received a response. *Id*. at p. 3-4. He believes that Crane is aware of his condition and need for treatment.

*Skin and Scalp Issues*

After informing staff at Menard of his skin and scalp diseases, Plaintiff was initially prescribed hydrocortisone cream and a special shampoo. (Doc. 12, p. 4). Plaintiff alleges, however, that he has not been seen again nor has he been referred to a dermatologist. In November 2022, the nurse practitioner ordered medicated shampoo, but Plaintiff never received his requested referral to a dermatologist nor did any medical staff ever respond to his subsequent sick call request slips. *Id*.

*Gastrointestinal Issues*

Plaintiff also alleges that he suffers from heartburn, acid reflux, or possibly, an ulcer. (Doc. 12, p. 4). He initially submitted a sick call request and received Pepcid AC

and Mintox Plus. *Id*. In November 2022, Plaintiff informed the nurse practitioner of his problems, but no additional treatment was ordered for his symptoms. *Id*. He submitted numerous sick call requests and filed numerous grievances to no avail.

*Allergies*

At the time Plaintiff arrived at Menard, he was receiving medications for his chronic allergies. (Doc. 12, p. 5). He specifically received Benadryl and continued to receive the medication for several weeks after arriving at Menard. He was then informed by medical staff that "they" do not like prescribing Benadryl, and his prescription was discontinued. *Id*. Plaintiff never received a replacement for Benadryl, nor has he seen a doctor about his allergies. *Id*. He submitted sick call requests and filed a grievance. A supplemental grievance was denied by Warden Wills. *Id*. Some of his grievances were also forwarded to Angela Crane for her review, but she "ignored any and all grievances." *Id*. Plaintiff acknowledges, however, that he was eventually prescribed Claritin for his allergies. *Id*.

Plaintiff alleges that Angela Crane, Anthony Wills, and Assistant Warden Kevin Reichert are aware of the issues with medical care at Menard and are specifically aware of his conditions due to his many grievances and furloughs. (Doc. 12, p. 6). He alleges that his requests and grievances are being ignored. *Id*.

## DISCUSSION

Plaintiff again fails to state a viable claim for deliberate indifference against Angela Crane, Anthony Wills, and Assistant Warden Kevin Reichert. Plaintiff's original Complaint was dismissed because he identified defendants in the caption of the

Complaint but failed to include any allegations regarding their role in his care. (Doc. 11, p. 3). Plaintiff alleges in his First Amended Complaint that Wills and Reichert (as wardens of Menard), as well as Crane (as healthcare administrator), were aware of his need for care due to grievances and medical furlough paperwork but failed to ensure he received adequate care. But as the Court stated in dismissing his original Complaint, there is no indication that any of the named defendants knew about his conditions and acted with deliberate indifference. *See, e.g.*, *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999) (stating that the relevant inquiry is whether defendants "actually knew about [Plaintiff's] condition, not whether a reasonable official should have known."). Instead, he alleges that they should have been aware given his grievances and medical requests. But there are no allegations to suggest he asked the defendants for care or spoke to them personally about his medical conditions. Further, these officials cannot be held liable simply for their positions as wardens or high-ranking officials. This is because the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under Section 1983. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Nor can they be liable for simply denying Plaintiff's grievances. *See, e.g.*, *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (stating that "the alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim.").

Finally, Plaintiff indicates that there may be names of staff in his medical records which could be added as defendants. He requests that he be allowed to proceed to discovery in order to identify these individuals. But he fails to identify any additional individuals, by either name or John Doe designation, who he saw for care. He refers to a

nurse practitioner but acknowledges that the nurse practitioner provided him with care for several of his conditions. There are simply no allegations in the Amended Complaint suggesting that the nurse practitioner acted with deliberate indifference. Thus, Plaintiff again fails to state a claim.

This is Plaintiff's second attempt at stating a claim for deliberate indifference, and he has failed to do so. He identifies several conditions and alleges that he has failed to receive care for those conditions, but he fails to allege that any of the named defendants were personally involved in the denial of that care. Moreover, Plaintiff himself alleges that he has received care for these various ailments, but it appears it is not the treatment that he desires or at the time that he wants it. The Eighth Amendment, however, does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). The Court finds that further amendment would be futile. His First Amended Complaint is, thus, **DISMISSED with prejudice**. Because a second amended complaint is not warranted, the Court **DENIES** Plaintiff's request for counsel. (Doc. 13).

### DISPOSITION

For the reasons stated above, Plaintiff's First Amended Complaint is **DISMISSED with prejudice** for failure to state a claim. The dismissal counts as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* FED. R. APP. PROC. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. PROC. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-726 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-859 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Plaintiff must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* FED. R. APP. PROC. 24(a)(1)(C). Moreover, if the appeal is found to be non-meritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. *See* FED. R. APP. PROC. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: February 27, 2024.**

Digitally signed by Judge Sison
Date: 2024.02.27 13:25:10 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**